UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT JOHN BROWN, III,

        Plaintiff,

v.

UNKNOWN AKINS et al.,

        Defendants.
_____/

Case No. 1:23-cv-56

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

For the reasons set forth below, the Court will grant Plaintiff's motion to amend (ECF No. 4). Moreover, applying the standards set forth above, the Court will dismiss Plaintiff's federal claims against Defendants West, Thompson, and Aldape for failure to state a claim. Plaintiff's state law negligence and violation of MDOC policy claims against those Defendants will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over them. The Court will also dismiss Plaintiff's official capacity claim against Defendant Akins. The following claims against Defendant Akins remain in the case: (1) Plaintiff's individual capacity Eighth Amendment failure to protect claim; (2) Plaintiff's state law negligence claim; and (3) Plaintiff's violation of MDOC policy claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Correctional Officers Unknown Akins, Unknown West, Unknown Thompson, and Unknown Aldape. Plaintiff indicates that he is suing Defendants in their official and individual capacities. (ECF No. 1, PageID.2.)

Plaintiff contends that on July 13, 2022, another inmate housed in his unit came to Plaintiff's cell door and started threatening him. (*Id.*, PageID.3.) The inmate told Plaintiff that he was "going to talk to the officers working and have them open [Plaintiff's] cell so he could fight [Plaintiff]." (*Id.*) The inmate walked away and "headed towards the officers' station." (*Id.*)

A few minutes later, the inmate came back to Plaintiff's cell door and stood there making more threats. (*Id.*) Plaintiff contends that his cell door "open[ed] in a way that [could] only be caused by an officer in the officers' station, and the inmate rushe[d] into the cell and bang[ed] [Plaintiff's] head against the ladder to the bunk." (*Id.*) The inmate then physically assaulted Plaintiff. (*Id.*) All four Defendants arrived at Plaintiff's cell, stopped the assault, placed the other inmate in cuffs, and took him to the segregation unit. (*Id.*)

Subsequently, Defendant Akins came to Plaintiff's cell and asked, "Who was getting [their] a** beat?" (*Id.*) Plaintiff responded that it was him. (*Id.*) Defendant Akins told Plaintiff to cuff up, and Plaintiff complied. (*Id.*) As she escorted Plaintiff down the hallway, Defendant Akins said, "Sorry, I thought it was going to be the other guy," referring to Plaintiff's cellmate. (*Id.*) Plaintiff was taken to segregation until later that day, when he was told he could return to his housing unit. (*Id.*) When Plaintiff returned to his unit, he asked Defendant West who had opened the cell door. (*Id.*) Defendants West and Aldape told Plaintiff, "I[t] was her," referring to Defendant Akins. (*Id.*)

4

Plaintiff "spoke with [Defendant] Akins and she admitted to [Plaintiff] that she opened the door." (*Id.*)

Based upon the foregoing, the Court construes Plaintiff's complaint to assert Eighth Amendment failure to protect claims against all Defendants. Plaintiff also appears to assert negligence claims pursuant to state law. (*Id.*) Plaintiff seeks financial compensation for his pain and suffering. (*Id.*, PageID.4.)

## II.     Motion to Amend

Plaintiff has filed a motion to amend (ECF No. 4), seeking to add an additional claim for relief. Specifically, Plaintiff avers that "upon violating Policy Directive 03.03.130 Humane Treatment and Living Conditions, [his Eighth] Amendment [rights were] violated." (*Id.*, PageID.20.) The Court construes Plaintiff's motion to seek leave to assert a claim against Defendants regarding violations of MDOC Policy Statement 03.03.130. Plaintiff may amend his complaint as a matter of course because it has not yet been served upon Defendants. *See* Fed. R. Civ. P. 15(a)(1). The Court, therefore, will grant Plaintiff's motion to amend (ECF No. 4) and address his newly-added claim for relief below.

## III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

5

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    **A.**    **Section 1983 Claims**

        **1.**    **Official Capacity Claims**

As noted *supra*, Plaintiff sues Defendants in both their official and personal capacities. (ECF No. 1, PageID.2.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment

immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff only seeks monetary damages. Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court, therefore, will dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities.

### 2. Individual Capacity Claims

The Court has construed Plaintiff's complaint to assert that Defendants violated his Eighth Amendment rights by failing to protect him from the other prisoner's assault.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry*

*v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer*, 511 U.S. at 833. Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson*, 468 U.S. at 526. Because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. To establish a violation of this right, Plaintiff must show that the Defendants were deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

In his complaint, Plaintiff alleges that Defendants West, Thompson, and Aldape, along with Defendant Akins, stopped the assault by the other inmate, cuffed him, and took him to segregation. (ECF No. 1, PageID.3.) Subsequently, Defendant Akins came to Plaintiff's cell and asked, "Who was getting [their] a\*\* beat?" (*Id.*) When Plaintiff responded that it was him,

8

Defendant Akins then stated, "Sorry, I thought it was going to be the other guy," referring to Plaintiff's cellmate. (*Id.*) Defendant Akins then admitted to Plaintiff that she had opened the cell door. (*Id.*) While Plaintiff has by no means proven deliberate indifference, at this time, taking these allegations in the light most favorable to Plaintiff, Plaintiff's complaint permits the Court to make an inference that Defendant Akins was aware that the other inmate intended to assault someone within Plaintiff's cell and disregarded that risk by opening Plaintiff's cell door anyway. Plaintiff's Eighth Amendment failure to protect claim against Defendant Akins, therefore, may not be dismissed on initial review.

Plaintiff, however, fails to set forth plausible Eighth Amendment failure to protect claims against Defendants West, Thompson, and Aldape. Although Plaintiff alleges that Defendants West and Aldape told him that Defendant Akins was the one who had opened Plaintiff's cell door, the complaint is devoid of facts from which the Court could infer that Defendants West, Thompson, and Aldape knew that the other inmate intended to assault Plaintiff and disregarded that risk to Plaintiff's safety. *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67. Plaintiff does not allege that these three Defendants were at the officers' station when Plaintiff saw his assailant walk in that direction. Moreover, while Defendants West and Aldape apparently knew that Defendant Akins was the officer who had opened Plaintiff's cell door, nothing in the complaint allows the Court to infer that they had any idea that the door was opened right before the other inmate assaulted Plaintiff. Because Plaintiff has failed to set forth plausible Eighth Amendment failure to protect claims against Defendants West, Thompson, and Aldape, such claims will be dismissed.

B. **State Law Negligence and Violations of MDOC Policy Claims**

As noted above, Plaintiff appears to assert negligence claims pursuant to state law. (ECF No. 1, PageID.3.) Plaintiff has also amended his complaint to assert a violation of MDOC Policy Directive 03.03.130. (ECF No. 4, PageID.20.) Claims under Section 1983 can only be brought for

"deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertions that Defendants violated state law and MDOC policy, therefore, fail to state a claim under Section 1983.

With respect to Plaintiff's claim regarding violations of MDOC policy, the only possible way a policy might enjoy constitutional protection would be through the Fourteenth Amendment's Due Process Clause. To demonstrate a due process violation, a plaintiff must prove the following elements: (1) a life, liberty, or property interest requiring protection under the Due Process Clause; and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts, however, have routinely recognized that a prisoner does not enjoy any federal protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton*, 27 F.3d at 1164. Plaintiff's allegation that Defendants violated MDOC policy, therefore, fails to raise a cognizable federal constitutional claim.

Plaintiff may be seeking to invoke this Court's supplemental jurisdiction over his state law negligence and violations of MDOC policy claims. In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182

(6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Because the Court has dismissed Plaintiff's federal claims against Defendants West, Thompson, and Aldape, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law negligence and violation of MDOC policy claims against them. Such claims will be dismissed without prejudice to Plaintiff's ability to bring those claims in state court. Because Plaintiff continues to have a pending federal claim against Defendant Akins, the Court will exercise supplemental jurisdiction over Plaintiff's state law negligence and violation of MDOC policy claims against her.

## Conclusion

For the reasons set forth above, Plaintiff's motion to amend (ECF No. 4) will be granted. Moreover, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims against Defendants West, Thompson, and Aldape will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), and his state law negligence and violation of MDOC policy claims against those Defendants will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over them. The Court will also dismiss Plaintiff's official capacity claim against Defendant Akins. The following claims against Defendant Akins remain in the case: (1) Plaintiff's individual capacity Eighth Amendment failure to protect claim; (2) Plaintiff's state law negligence claim; and (3) Plaintiff's violation of MDOC policy claim.

11

An order consistent with this opinion will be entered.

Dated: January 27, 2023           /s/ Sally J. Berens
                                  SALLY J. BERENS
                                  U.S. Magistrate Judge